UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LAVON LEE BROWN                                                                                            Plaintiff

v.                                                                                    Civil Action No. 3:20-cv-P74-RGJ

HONORABLE MARY SHAW                                                                                     Defendant

\* \* \* \* \*

## MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Lavon Lee Brown's *pro se* complaint (DN 1) pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the action will be dismissed.

## I. STATEMENT OF CLAIMS

Plaintiff, a pretrial detainee at the Louisville Metro Department of Corrections, filed this action pursuant to 42 U.S.C. § 1983 against the "Honorable Mary Shaw," Jefferson Circuit Court Judge, Division 5, in her individual and official capacities. Plaintiff alleges that Defendant Judge Shaw "violated several articles of the Constitution of the United States." Specifically, he alleges as follows:

> (Count 1) Article V, where I'm subject for the same offense to be twice put in jeopardy of life and limb-where it's five counts of robbery one and two counts of wanton endangerment; being deprived of life and liberty without due process of law, where there is no evidence such as injury, gun, and criminal intent involved, as has been deprived of obtaining the right to practice law by deception of court. (count 2) Article VI, to be informed of the nature and cause of the accusation; where I had a suppression hearing while incarcerated on 1-8-20 and didn't go; to be confronted with witnesses against me and to have compulsory process for obtaining witnesses in my favor, due to incarceration and being confined I can't exercise these rights; didn't have anyone appear in any of the many court dates I've been having. (court three) Article 8, where the bail was set too excessive which is not required, nor cruel and unusual punishments inflicted, my bond being at 50,000 and I'm indigent and thus being cruel and unusual punishment. Unconstitutional acts involve unlawful imprisonment, coercion, deception, tricking and conning of court

> dates, purjury, acting as if I'm not the beneficiary because of me being the "Defendant" instead of the "Plaintiff" forcing me into an unknown jurisdiction and not taking action under common Law and natural law.

As relief, Plaintiff seeks monetary and punitive damages.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

## III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th

Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-capacity claims

Defendant Judge Shaw, a state official sued in her official capacity for money damages, is not a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, Plaintiff fails to state a cognizable claim under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against Defendant Judge Shaw in her official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Bennett v. Thorburn*, No. 86-1307, 1988 WL 27524, at *1 (6th Cir. Mar. 31, 1988) (concluding that an official-capacity suit against a judge who presided over state court litigation was barred by the Eleventh Amendment). Accordingly, the official-capacity claims against Defendant Judge Shaw will be dismissed.

### B. Individual-capacity claims

Many of Plaintiff's allegations are broad and conclusory, such as "unlawful imprisonment, coercion, deception, tricking and conning of court dates, purjury, acting as if I'm not the beneficiary," and therefore fail to state a claim upon which relief may be granted. *See Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]") (citation omitted).

Regarding Plaintiff's more specific allegations involving a suppression hearing and bail, Judge Shaw is entitled to judicial immunity. Judges are entitled to judicial immunity arising out of the performance of their judicial functions. *Mireles v. Waco*, 502 U.S. 9 (1991); *Forrester v. White*, 484 U.S. 219 (1988); *Dennis v. Sparks*, 449 U.S. 24 (1980). Judicial immunity from suit applies even when a judge is accused of acting maliciously or corruptly. *Mireles*, 502 U.S. at 11. Judicial immunity from suit can be overcome in two situations. A judge is not immune from liability for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Stump v. Sparkman*, 435 U.S. 349 (1978).

Neither of these exceptions to judicial immunity is applicable here. Plaintiff's allegations regarding a suppression hearing and bail are of a judicial nature and occurred during criminal proceedings over which Judge Shaw seemingly presided, and Plaintiff does not allege that Judge Shaw did not have jurisdiction over those criminal proceedings. Accordingly, Judge Shaw is entitled to absolute judicial immunity, and the individual-capacity claims against her will be dismissed.

For the foregoing reasons, the action will be dismissed by separate Order.

Date:


cc:     Plaintiff, *pro se*
        Defendant
A961.005